IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATE OF AMERICA : | |
| : | Misc. No. |
| v. : | |
| : | **UNDER SEAL** |
| SEAN GARLAND, : | |
| CHRISTOPHER JOHN CORCORAN, : | |
| DAVID LEVIN, : | |
| TERENCE SILCOCK, : | |
| HUGH TODD, : | |
| ALAN JONES, : | |
| and : | |
| MARK ADDERLEY, : | |
| : | |
| **Defendants.** : | |

**GOVERNMENT'S MOTION TO SEAL INDICTMENT TO DELAY ITS ENTRY ON THE PUBLIC DOCKET WITH INCORPORATED MEMORANDUM OF LAW**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal, until such time as the Court orders otherwise, the Indictment against the above-named defendants in this case, as well as the instant Motion to Seal and the Court's sealing Order. In support of its motion, the government states as follows:

An indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason. See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); U.S. v. Lyles, 593 F.2d 182 (2d Cir. 1979).

Today, May 19, 2005, a grand jury returned an Indictment against a seven defendants for Conspiracy to commit counterfeit acts outside the United States, in violation of 18 U.S.C. §§ 371, 470 and 473. The offenses arise out of the defendants scheme to buy, sell, transport, pass as genuine, and otherwise transact in, counterfeit $100 Federal Reserve Notes in Ireland, the United Kingdom, and numerous other countries in Europe over a period of years. The United States anticipates that the Court will grant its oral request for bench warrants to be issued today for the defendants arrests on this Indictment.

The government does not seek to have this matter sealed for any reason related to this case itself. This Motion to Seal is rather based upon a request by the Criminal Division of the United States Department of Justice, which has advised this Office that the unsealing of this case at this time could compromise an extremely sensitive ongoing criminal investigation being conducted in another District, which is not directly related to the instant case but involves similar conduct by other persons and which could be adversely affected if the nature and extent of the charges in the Indictment in this case were to become public knowledge at this time. Accordingly, the government submits that the need to protect the viability of another ongoing sensitive criminal investigation constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment. The Criminal Division of the Department of Justice has advised that the anticipated period of sealing should not be long. It should be noted that no defendant in this case will be prejudiced because none is at this time in United States custody.

Therefore, the United States submits that under <u>Washington Post v. Robinson</u>, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the arrest warrant, this Motion, and any Order to Seal, until such time as the government informs the Court that sealing is no longer necessary.

Because of the nature of the charges in this case – which constitute an extraterritorial offense and defendants located outside the United States, requiring extensive cooperation among federal law enforcement officers and members of the Executive Branch – the government requests that the sealing Order permit disclosure of the Indictment to any federal law enforcement officers and members of the Executive Branch to the extent that such disclosure is in furtherance of their lawful functions related to this matter, including permitting disclosure to officials of foreign governments as may be necessary to secure custody of defendants for prosecution. The government also requests that the sealing Order provide that the Clerk of the Court shall furnish to the United States Attorney's Office certified copies of the Indictment and the Bench Warrants upon request.

<u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court issue an Order sealing (except to the limited extent specified therein) the Indictment

returned in this matter on this date, May 19, 2005, this Motion, and the Court's sealing Order, and delaying the public docketing of this case, until such time as the defendant is arrested. A proposed Order is submitted herewith.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                UNITED STATES ATTORNEY
                D.C. Bar Number 451058


By:

                Laura A. Ingersoll
                Assistant United States Attorney
                Connecticut Bar No. 306759
                202/514-9549
                Laura.Ingersoll@usdoj.gov



                Brenda J. Johnson
                Assistant United States Attorney
                D.C. Bar No. 370737
                202/353-4154
                Brenda.Johnson@usdoj.gov

                Transnational and Major Crimes Section
                United States Attorney's Office
                555 4th Street, N.W. – 11th floor
                Washington, D.C.  20530


Dated: May 19, 2005