IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL No. 05-185-01, 02, 03, 04 |
| v. : | 05, 06, 07 |
| : | UNDER SEAL |
| SEAN GARLAND, : | |
| CHRISTOPHER JOHN CORCORAN, : | |
| DAVID LEVIN, : | |
| TERENCE SILCOCK, : | |
| HUGH TODD, : | |
| ALAN JONES, and : | |
| MARK ADDERLEY, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S MOTION TO MODIFY ORDER SEALING INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves the Court to enter an order modifying the May 19, 2005, Order sealing the Indictment in this matter. In support of its motion, the government states as follows:

By Order dated May 19, 2005, the United States Magistrate Judge granted the government's motion to seal the Indictment returned that day and to delay entry of this case upon the public docket. The government sought to have the matter sealed because the Criminal Division of the United States Department of Justice had advised this Office that the unsealing of this case at this time could compromise an extremely sensitive ongoing criminal investigation being conducted in another District, which was not directly related to the instant case but involves similar conduct by other persons and which could be adversely affected if the nature and extent of the charges in the Indictment in this case were to become public knowledge during that investigation's pendency. The government submitted – and the Court found – that the need to protect the viability of that other ongoing sensitive criminal investigation constituted a legitimate prosecutorial reason, and thus an

appropriate basis, for the requested sealing, under Washington Post v. Robinson, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991). That other criminal investigation has now been resolved with multiple indictments and arrests, which have been made public. Accordingly, that rationale for the sealing no longer exists.

In the meantime, however, the government has learned that the lead defendant in the instant case, Sean Garland, is expected to travel, within the next few days, to a specific location outside the United States from where his arrest and extradition may be effected. The government is working with foreign law enforcement agencies to accomplish that arrest and thereafter initiate extradition proceedings. Upon such an arrest, it will be necessary to furnish the Indictment to foreign authorities for use in their court proceedings in connection with this matter, and for that purpose the Indictment and this case as a whole must be unsealed as of the time of the arrest. Until the time of arrest, however, public disclosure of the existence of this case, and particularly of the Indictment, would likely cause Garland to cancel his travel plans and thereby deprive the government of the opportunity to obtain custody of him. As he is a national and resident of the Republic of Ireland (Ireland), and as it would be extremely difficult, if not impossible, to obtain his extradition from Ireland, it is of critical importance that the Indictment not be unsealed so long as he is planning to travel outside Ireland. The Government submits that this circumstance constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for continuing the sealing until such time as Garland or any other defendant is arrested. Id.

There is a strong likelihood that the planned arrest would occur at a time outside the Court's normal business hours. Accordingly the government requests that the Indictment and all papers filed thus far in this case be unsealed, and the case entered on the public docket, as of the time of arrest of any defendant in this case. The government will promptly file a notice informing the Court of

such an arrest.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Court issue the proposed Order, submitted herewith, modifying the existing sealing Order to direct that the Indictment and all other papers filed in this matter be unsealed upon the arrest of any defendant in this case, and the case then entered upon the public docket.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY
    D.C. Bar Number 451058


By:

    Laura A. Ingersoll
    Assistant United States Attorney
    Connecticut Bar No. 306759
    202/514-9549
    Laura.Ingersoll@usdoj.gov


    Brenda J. Johnson
    Assistant United States Attorney
    D.C. Bar No. 370737
    202/353-4154
    Brenda.Johnson@usdoj.gov

    National Security Section
    United States Attorney's Office
    555 4th Street, N.W. – 11th floor
    Washington, D.C.  20530

Dated: October 6, 2005

**Certificate of Service**

    There are no known defense counsel at this time, and accordingly no service of this Motion is being made.

 

_____
Assistant United States Attorney